**SAFEGUARD MUTUAL INSURANCE COMPANY**

v.

David O. MAXWELL et al.

**C. M. CLARK INSURANCE AGENCY, INC.**

v.

David O. MAXWELL et al.

Civ. A. No. 71-767, 71-822.

United States District Court,
E. D. Pennsylvania.

July 21, 1971.

Malcolm Waldron, Philadelphia, Pa., for plaintiff.

Reeder R. Fox, Philadelphia, Pa., for defendant George F. Reed.

Herbert A. Fogel, Philadelphia, Pa., for defendant David O. Maxwell.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Safeguard Mutual Insurance Co. and C. M. Clark Insurance Agency, Inc., have brought separate actions under the Civil Rights Act, 42 U.S.C.A. § 1983 et seq., against the same above-named defendants. These separate actions are but two of several cases involving the plaintiffs and the Insurance Department of Pennsylvania. Presently before the Court are motions to dismiss the Civil Rights complaints on behalf of two of the named defendants, David O. Maxwell and George F. Reed, both of whom are ex-Commissioners of the Insurance Department. Since Safeguard and Clark are represented by the same counsel and the moving defendants, as well as the issues they raise in their motions to dismiss are identical in both actions, the Court will dispose of the motions in both actions at the same time.

Both defendants have raised lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process, Fed.R.Civ.P. 12(b) (2),

(3) and (5), as the bases for their motions to dismiss. Moreover, counsel for defendant Maxwell has also raised lack of venue, Rule 12(b) (3), as an additional reason for dismissal.

Rule 4(f) of the Federal Rules of Civil Procedure limits service of process, other than a subpoena, to the territorial limits of the state in which the District Court is located unless a United States statute or the rules authorize service beyond these limits. In the instant cases plaintiffs have attempted to make effective service on defendants Maxwell and Reed by having a deputized United States Marshal deliver a copy of the summons and complaint to the defendants in Washington, D. C., and Houston, Texas, respectively. Defendant Maxwell, in his uncontested affidavit, attested that since November 1970, in connection with his present duties as General Counsel for the Department of Housing and Urban Development, he has maintained his residence in Washington, D. C., and does not maintain a residence in the Commonwealth of Pennsylvania. Defendant Reed, whose affidavit is also uncontested, swore that since February 24, 1971, he has been a permanent resident of Houston, Texas. Neither of the defendants were residents of Pennsylvania when either Safeguard filed suit (March 31, 1971) or Clark Agency commenced their action (April 6, 1971). Since Rule 4(f), as a general rule, limits the service of process to the territorial limits of the state within which the Federal Court is situate, and since neither defendant was so served, this service must fail and the suit against these two defendants be dismissed unless a United States statute or the rules authorize service beyond these limits. Fed.R.Civ.P. 4(f).

█ First, plaintiffs have taken the position both in their brief and at oral argument that 42 U.S.C.A. § 1988 authorizes nationwide service of process in actions brought under the Civil Rights Act. 42 U.S.C.A. § 1988 provides:

> "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter * * * shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies * * *, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil * * * cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause * * *."

Plaintiffs have not cited any authority in support of their position and this Court does not read that provision as authorizing nationwide service of process. Rather the Court finds that § 1988 was included in the Civil Rights Act to make it clear that the federal law was not meant to preempt the field in this area and that where the preceding federal statutes (42 U.S.C.A. §§ 1981–1987) did not provide adequate remedies, the federal court could utilize the common law or state law as long as it was consistent with the Constitution. Moreover, this Court finds support for its position in the case law. In Smith v. Ellington, 348 F.2d 1021 (6th Cir. 1965), cert. denied 382 U.S. 998, 86 S.Ct. 589, 15 L.Ed. 2d 486 (1966), plaintiff brought an action in the District Court for Tennessee under the Civil Rights Act. Plaintiff attempted to serve some of the defendants who lived in Alabama, by serving the summons and complaint on the Secretary of State for Tennessee. In affirming the District Court's granting of defendants' motion to dismiss for lack of jurisdiction, the Sixth Circuit relied on the

limitation of effective service provided by Rule 4(f). The Court went on to note that while Fed.R.Civ.P. 4(d) (1), which governs the manner of service, provides for service of process within the State by service on an agent authorized to accept service in that state, there was nothing in the record to support a finding that the Secretary of State of Tennessee was authorized to accept service for the named defendants. In Balles v. Harvey, 248 F.Supp. 778 (E.D.Pa. 1965), Judge Davis of this Court noted that the Court lacked jurisdiction over one of the defendants in a civil rights action because he was not served within the territorial limits required by Rule 4(f) of the Federal Rules of Civil Procedure. This Court further wishes to note that plaintiffs, alleging the identical wrongdoings, have filed separate suits in Washington, D. C. and Houston, Texas, against defendants Maxwell and Reed respectively. Since jurisdiction in these actions has not, and it would appear, cannot be challenged, it is clear that the Civil Rights Act is fulfilling its function of providing an adequate remedy for the vindication of plaintiffs' rights.

In further support of our reading of section 1988 we note that when Congress has deemed it appropriate to except to the general limitation of effective service as provided by Rule 4(f) and grant nationwide service of process it has specifically so provided. *See e. g.* 15 U.S.C.A. § 78aa (The Securities and Exchange Act of 1934); 15 U.S. C.A. § 22 (The Clayton Act). Section 1988 does not specifically provide for nationwide service of process in an action brought under the Civil Rights Act and we do not feel that that section can be interpreted as authorizing such.

■ Plaintiffs also assert that Rule 4(d) (1), as modified by Rule 4(d) (7) constitutes an authorization by the rules for service of process beyond the territorial limits of the state. The argument continues that Rule 4(d) (7) provides that service may be effected in the manner prescribed by the law of the state where the district court is held and that Rule 1504 of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, which is an equity rule, authorizes service on a defendant outside the state where one of the principal defendants has been served in the county in which the action has been commenced. The Court will not discuss this argument at length but merely notes that no Pennsylvania cases under this rule have held that a court may acquire in personam jurisdiction by extraterritorial service on a nonresident defendant.

Since the Court finds that we lack personal jurisdiction over the defendants we need not address ourselves to the issue of venue.