**Herbert FEIST, Plaintiff-Appellant,**

v.

**JEFFERSON COUNTY COMMISSION-ERS COURT, et al.,
Defendants-Appellees.**

No. 85–2409
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1985.

Herbert Feist, pro se.

Richard W. Meyer, Asst. Atty. Gen., Austin, Tex., Richard F. Baker, Emily Rhine, Asst. Dist. Attys., Beaumont, Tex., for defendants-appellees.

Before POLITZ, GARWOOD and E. GRADY JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This case is on appeal to review the district court's dismissal of a pretrial detainee's action under 42 U.S.C. § 1983. Because we find that the district court properly refused to grant the appellant's motions for a default judgment, summary judgment, or discovery, and because appointed counsel for the appellant was unnecessary, we affirm.

I

Herbert Feist, the appellant, was a pretrial detainee in the Jefferson County Jail from December 1, 1980, to April 9, 1981. In 1982, Feist filed an action for damages under 42 U.S.C. § 1983, alleging that the conditions of his incarceration violated his constitutional rights secured by the first, sixth, eighth and fourteenth amendments. In August 1983, pursuant to 28 U.S.C. § 636(b)(1) and (3), the district court designated a United States magistrate to conduct an evidentiary hearing on the merits of Feist's action, submit proposed findings of fact and conclusions of law, and submit a recommendation for the proper disposition of the action. In *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), this court explicitly approved such a procedure. We stated that although it may be

> inappropriate to refer [a] case to a magistrate for a trial over the prisoner's objections, [a] trial court *may* refer the case to a magistrate to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim.

*Id.* at 180. The instant case was referred to the magistrate precisely for the purpose of "dig[ging]" beneath the conclusional allegations." After concluding that Feist's complaint was too general to determine whether he had stated a claim for relief, the magistrate conducted a pretrial conference to afford Feist the opportunity to make a complete statement regarding his claims. At this conference held on June 21,

1984, Feist, appearing *pro se*, specifically complained about the jail's plumbing, overcrowded conditions, lack of exercise facilities, lack of access to the law library, restricted family visits, inadequate lighting, and, finally, poor medical care. Feist was the only person to testify at the pretrial conference.

In August 1984, the magistrate entered a detailed report recommending dismissal for failure to state a claim upon which relief could be granted. After considering the report and recommendations of the magistrate, the district court made a *de novo* determination on Feist's claims. On December 11, 1984, the district court entered a final judgment adopting the findings and conclusions of the magistrate, in effect dismissing the action under 28 U.S.C. § 1915(d) as frivolous. Feist filed a timely notice of appeal.

## II

Feist contends that the courts below made numerous errors which resulted in his action being dismissed, but fails to raise any specific issues to this court. After reviewing Feist's contentions and the brief submitted by the Jefferson County Commissioner's Court, we find that there are three issues before us on appeal. First, Feist contends that the district court erred in not granting a default judgment and/or summary judgment against the "Jefferson County Jailers" (jailers) for their failure to answer Feist's complaint or appear before the court in this matter. Second, Feist contends that he was prejudiced in the prosecution of his action because his discovery motions were not granted. Finally, Feist contends that the district court erred in not appointing counsel to assist in the effective prosecution of this action. We find these contentions to be without merit and affirm the judgment of the district court.

## A.

■ Feist contends that the district court erred in not granting a default judgment and entering summary judgment against the jailers who did not answer or file an appearance. Captain Saxon accepted service of process at the Jefferson County Jail. Feist does not claim that Saxon is a jailer, and the other appellees deny that he is. Nor does Feist allege that Saxon was authorized by appointment or by law to accept service of process on behalf of any jailer, pursuant to Fed.R. Civ.P. 4(d)(1). Feist does not contend that the jailers are members of a legal organization, and the other appellees deny that they are. Feist has not requested class action treatment. More significantly, Feist's motions request default and summary judgments against only the Jefferson County Commissioners Court; the motions do not mention the jailers.

Feist does not allege any legal theory under which service on the jailers, individually or collectively, may have taken place, *see* Fed.R.Civ.P. 4, and, most certainly, it would be improper to enter a default judgment against one who has not been properly served. *Zeviar v. Local No. 2747, Airline Employees,* 733 F.2d 556, 558 n. 3 (8th Cir.1984); *Hazzard v. Weinberger,* 382 F.Supp. 225, 228 (S.D.N.Y.1974), *aff'd,* 519 F.2d 1397 (2d Cir.1975). Accordingly, the district court was correct in not entering a default judgment against the jailers.

## B.

■ Feist's second contention is that the court erred in not granting Feist's request for discovery. Granting or denying discovery motions is within the discretion of the district judge. In this case, the district court properly authorized the magistrate to conduct an evidentiary hearing to determine whether Feist raised a claim upon which relief could be granted. After reviewing the magistrate's report and finding *de novo* that Feist's claims were meritless, the district court properly dismissed this action. We find that the district court acted within the bounds of its discretion in delaying a determination on Feist's discovery motions until after the magistrate reported his findings to the district court. Once the action was dismissed, the district

court had no reason to rule on these motions.

Similarly, Feist's discovery motions filed after the district court entered the final judgment were also properly not granted. Since the information requested was intended to enable Feist to prepare for a trial that would not occur, we find that Feist was not prejudiced by the lack of response to these motions.

### C.

 Finally, Feist claims that the district court's refusal to appoint counsel to aid in the prosecution of this action was reversible error. We disagree. In *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir.1982), this court stated that

> [a] civil rights complainant has no right to the automatic appointment of counsel. The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 ... unless the case presents exceptional circumstances.

> \*    \*    \*    \*    \*    \*

> A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice. Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting his case, (3) whether the indigent is in a position to investigate adequately the case, and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

> The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

*Id.* at 212–13 (citations omitted).

We find that this case did not involve any "exceptional circumstances." Feist's action was not complex as it relied solely on factual matters that Feist was able to investigate and present to the court on his own. Since this was a straight-forward fact-intensive case, Feist was not required to have any legal skills or training in order to adequately inform the court of his allegations, and we therefore find that the district court did not err in refusing to appoint counsel.

### III

For the reasons stated herein, the judgment of the district court is

AFFIRMED.