**Richard CARTER, Plaintiff,**

**v.**

**THREE UNKNOWN POLICE OFFICERS OF the WILMINGTON POLICE DEPARTMENT, et al., Defendants.**

**Civ. A. No. 81–228 LON.**

United States District Court,
D. Delaware.

July 18, 1986.

Richard Carter, Graterford, Pa., pro se.

Roger A. Akin of Sawyer & Akin, Wilmington, Del., Atty. for defendants Three Unknown Police Officers and City of Wilmington.

Robert B. Young of Young & Sherlock, Dover, Del., Atty. for defendant Martin.

LONGOBARDI, District Judge.

Detective Randolph Martin has moved to dismiss the civil rights complaint brought against him by Plaintiff Richard Carter. Martin asserts four specific reasons why the case should be dismissed. They are (1) Carter's failure to serve Martin with process within the time period prescribed by Federal Rule of Civil Procedure 4(j); (2) the Court lacks personal jurisdiction over Detective Martin; (3) the action is barred by the applicable statute of limitations; and (4) Plaintiff fails to state a claim upon which relief can be granted.

The factual background of this case is fully set forth in the Court's Opinion of October 4, 1985. *Carter v. Three Unknown Police Officers*, 619 F.Supp. 1253 (D.Del.1985). For the purposes of this Opinion, they need not be repeated.

## I. FAILURE TO SERVE PROCESS IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 4(j)

Detective Martin's principal argument is that Plaintiff Carter failed to serve him with process within the time period prescribed by Federal Rule of Civil Procedure 4(j). He contends that the Rule mandates dismissal of this case against him. The Rule states as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice. . . .

Fed.R.Civ.P. 4(j).

Federal Rule of Civil Procedure 4(j) is a relatively new rule which became effective on February 26, 1983. Federal Rules of Civil Procedure Amendments Act of 1982, Pub.L. No. 97–462, § 4, 96 Stat. 2527 (1983). Carter's complaint was filed on June 2, 1981, Docket Item ("D.I.") 2, and

thus predates this Rule. As a result, that provision is clearly inapplicable and cannot serve as a basis for the Court's grant of dismissal in this case.

## II. THE COURT LACKS JURISDICTION OVER DETECTIVE MARTIN

Martin moves to dismiss the complaint claiming he was not properly served with process and, as a result, the Court lacks personal jurisdiction over him. If Plaintiff did not serve Martin in accordance with Federal Rule of Civil Procedure 4, the Court does lack personal jurisdiction. *Betlyon v. Shy*, 573 F.Supp. 1402, 1404 (D.Del. 1983).

Throughout the time period since Plaintiff filed this complaint, Detective Martin has lived and worked in Pennsylvania. Affidavit of Randolph Martin, D.I. 153, Exhibit "A". Effective service of process from the District of Delaware to Pennsylvania is limited by the extraterritorial service provision of Federal Rule of Civil Procedure 4(f): "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, *when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state.*" Fed.R.Civ.P. 4(f). (Emphasis added.)

No federal statute involved in this case provides for extraterritorial service. Although it has been argued to the contrary, the Civil Rights Act, 42 U.S.C. § 1983 *et seq.*, does not authorize nationwide service of process in actions brought under the Act. *Safeguard Mutual Insurance Company v. Maxwell*, 53 F.R.D. 116 (E.D.Pa.1971). Therefore, the only basis for extraterritorial service is that found under the Federal Rules of Civil Procedure and the only rule which authorizes extraterritorial service is Federal Rule of Civil Procedure 4(e). *Padovani v. Spectacor, Inc.*, 112 F.R.D. 1 (D.Del.1985). That Rule states in pertinent part:

> Whenever a statute of the United States or an order of court thereunder provides

for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, ... service may ... be made under the circumstances and in the manner prescribed in the statute or rule.

Federal Rule of Civil Procedure 4(e) provides two separate methods by which a litigant in federal District Court can accomplish service upon a non-resident litigant. They are (1) where a federal statute or rule of court authorizes extraterritorial service of process, or (2) where a statute or rule of court in the state in which the district court is found authorizes service of a summons on a non-resident. As I have already found that no federal statute or rule of court authorizes extraterritorial service of process in this case, the only avenue available to Carter to effect service on Martin under the Rule is pursuant to a Delaware State statute or court rule.

 Delaware State law does provide for extraterritorial service of process where a defendant "[c]auses tortious injury in the State by an act or omission in this State." 10 Del.C. § 3104(c)(3).[1] This long-arm statute authorizes a specific method of service of process over non-residents. Under Delaware law, the Delaware Secretary of State serves as agent for any non-resident who causes tortious injury in the State. Service is accomplished by plaintiff's filing the summons with the Secretary of State and then, within seven days, sending notice by registered mail to the non-resident defendant that the summons has been filed.

The Delaware Supreme Court has held that the statutory requirement of notice to the non-resident defendant is jurisdictional. *Greenly v. Davis*, Del.Supr., 482 A.2d 764 (1984). As a result, defective notice to a non-resident defendant denies the court jurisdiction over the defendant.

It is evident that Plaintiff did not serve process on Martin in accordance with Delaware law (and, as a result, with Federal Rule of Civil Procedure 4(e)). Plaintiff caused the summons and complaint to be served at Martin's place of employment, the Delaware County Homicide Division. Service was made on Clifton Minshall, Homicide Supervisor. D.I. 11. Service on Martin is deficient under Delaware law in two respects. First, service was not made on the Delaware Secretary of State with notice by registered mail sent to Martin. In addition to Carter's failure to serve the Secretary, the uncontested affidavit of Detective Martin indicates that he did not receive timely notice of the complaint. The first notice Martin received of this suit came when he received Plaintiff's Motion for Default Judgment. D.I. 153, Exhibit "A." Second, there is nothing in the record to suggest that Martin appointed or authorized Supervisor Minshall to serve as his agent for receipt of process. As a result, even if Delaware law did allow service of process on a non-resident at his place of business, service on Martin's supervisor is ineffective in the absence of an agency relationship between Martin and Minshall. *Feist v. Jefferson County Com'rs Court*, 778 F.2d 250 (5th Cir.1985); *Betlyon v. Shy*, 573 F.Supp. 1402; *Neely v. Eshelman*, 507 F.Supp. 78 (E.D.Pa.1981).

I conclude that Detective Martin was not properly served in accordance with Federal Rule of Civil Procedure 4 and that the Court has no personal jurisdiction over him.

### III. THE RESULT OF FAILED SERVICE OF PROCESS IN THIS CASE

Nothing in the federal rules mandates that every technical defect in service of

---

**1.** As discussed later in this opinion, p. 51, actions under section 1983 are characterized as personal injury actions for purposes of applying the statute of limitations. I have adopted that analogy for purposes of selecting the appropriate Delaware long-arm statute.

process should result in dismissal of a complaint. Considerations such as prejudice to the parties, good faith excuse for failure to effect proper service and actual notice of the suit by the defendant militate against the drastic result of dismissal. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir.1984). The use of judicial discretion regarding dismissal is particularly important in a case such as this one, where the Plaintiff is acting *pro se.*

In the present case, however, the Court's use of discretion to save the action is severely limited. First, the action appears to be barred by Federal Rule of Civil Procedure 15(c) and the applicable statute of limitations. Federal Rule of Civil Procedure 15(c) states that a party must be brought into an action before the statute of limitations period has run.

Although Carter filed his complaint, D.I. 2, within the statute of limitations period, that complaint was brought against an "Unknown Pennsylvania Agent of Delaware County Homicide Div." Detective Martin was never served. In order to maintain this suit against Detective Martin, Carter must join Martin as a new defendant by properly serving him at this time. It is the addition of a new defendant after the statute of limitations period has passed which is barred by Federal Rule of Civil Procedure 15(c):

> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the parties against whom a claim is asserted relates back if the foregoing provision is satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concern-*

> *ing the identity of the proper party, the action would have been brought against him.*

Fed.R.Civ.P. 15(c) [emphasis added].

■ Since there is no federal statute of limitations governing actions under 42 U.S.C. § 1983, the appropriate limitation period is the most relevant provision provided by State law. In choosing the most analogous State law limitation for purposes of section 1983, the Plaintiff's claim should be characterized as a personal injury action. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Fitzgerald v. Larson*, 769 F.2d 160 (3d Cir.1985). In Delaware, the statute of limitations for a personal injury claim is two years from the date the alleged injuries were sustained. 10 Del.C. § 8119.

■ Plaintiff alleges that he sustained his injuries on February 18, 1981. The two year statute of limitations applicable to this section 1983 action afforded Carter until February 18, 1983 to file the complaint. Under Rule 15(c), an amendment to the pleadings changing the identity of a party can be made only if that party is joined before the statute of limitations period has run. The only exception to this is where the proposed defendant received notice of the action against him prior to the running of the statute of limitations or should have known that an action was being brought against him.

The record contains uncontested evidence that Detective Martin was not aware of the suit Carter sought to bring against him until well into 1985. D.I. 153, Exhibit "A" [affidavit of Detective Randolph Martin]. There is nothing in the record to support an argument that Martin "should have known" that the action was being brought against him. Thus, I find no basis to allow an amendment to the complaint adding Detective Martin as a Defendant to relate back under Federal Rule of Civil Procedure 15(c). Consequently, any amendment to the complaint is time-barred by the statute of limitations.

Although requirements of technical pleading and conformity with procedural

rules should be viewed liberally when a litigant is acting *pro se*, the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims.

Beyond finding that an action against Detective Martin is time-barred, I also conclude from the record that Plaintiff does not have a good faith excuse for failing to properly serve Detective Martin within the limitations period. Although Plaintiff's mistaken belief in June, 1981 that his attempt to serve Martin had been successful may be an excusable error, that error was brought to Plaintiff's attention in an Order from this Court dated April 27, 1982. In that Order, another judge clearly put Plaintiff on notice that his attempt to serve Detective Martin had been unsuccessful. "The agent of the Delaware Homicide Division, originally unknown, has been revealed as Detective Randolph Martin (D.I. 22, Exhibit A, p. 2); however, Detective Martin has never been personally served with process and has not appeared in this action." D.I. 55, p. 3, n. 1. Although from the date of that Order Plaintiff still had almost one full year to serve Detective Martin, the record reflects no attempt by Plaintiff to serve Martin between that date and the date he filed his present motion for default judgment. Indeed, Carter was put on notice as early as July, 1981, as to the identity of the "unknown" Pennsylvania detective. D.I. 22, Exhibit "A" [Affidavit of James R. Kelly]. Carter's lack of diligence in prosecuting this claim, combined with the uncontradicted statement by Martin that he was unaware of the suit against him until 1985, provides additional support for my conclusion that this action against Detective Martin should be dismissed.

Because I find that the Court lacks jurisdiction over Detective Martin and that any attempt by Plaintiff to amend the complaint to add Martin as a Defendant is barred by the statute of limitations, I need not address Martin's other arguments in support of his motion to dismiss.

Finally, in light of the Court's decision with respect to Detective Martin's motion to dismiss, Plaintiff's motion for default judgment, D.I. 146, is denied.