802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM A. BELL-BEY, Plaintiff-Appellant
v.
HEATHER BUR, LAJEWSKI PEARSON, Defendants-Appellees.
 No. 86-1195.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: KEITH and NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge
 
 ORDER
 
 2
 This Michigan pro se prisoner moves the Court for the appointment of counsel in his appeal from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Plaintiff sued the law librarian and the resident unit manager of his prison alleging that they maliciously denied him his right of access to the courts. Plaintiff alleged they refused to make the required number of copies of his brief which was needed to be filed in a Michigan court of appeals and in the Michigan Supreme Court. In response to grievances filed by the plaintiff regarding this matter, the librarian stated that she returned plaintiff's brief to him unprocessed because it looked identical to a brief already copied by the librarian which amounted to 468 copied pages.
 
 
 4
 Upon review of the cause, this Court concludes that the district court properly dismissed plaintiff's complaint. To state a claim of denial of access to the courts, a prisoner must allege that he was denied access to the courts, not to the prison library. Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985); see Holt v. Pitts, 702 F.2d 639 (6th Cir. 1983). Access to the courts is not equated with the adequacy of a prison law library; Walker v. Mintzes, 771 F.2d at 932, quoting with approval Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978); nor is meaningful access equated with free supplies and copying of legal material. Harrell v. Keohane, 621 F.2d 1059 (10th Cir. 1980).
 
 
 5
 For this same reason, it is concluded that plaintiff's motion for the appointment of counsel should be denied because there are no exceptional circumstances present to warrant the appointment; Cookish v. Cunningham, 787 F.2d 1 (1st Cir. 1986); Feist v. Jefferson County Commissioners Court, 778 F.2d 250 (5th Cir. 1985), and the cause clearly lacks merit. See Henry v. City of Detroit Manpower Department, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 106 S.Ct. 604 (1985).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Plaintiff's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.