802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES E. LAWSON, Plaintiff-Appellant
v.
WILLENNE LOVE, WARDEN, Defendant-Appellee.
 No. 86-5187.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 BEFORE: MARTIN and GUY, Circuit Judges; and SUHRHEINRICH, District Judge*
 
 ORDER
 
 2
 This pro se Tennessee state prisoner moves the Court for the appointment of counsel in his appeal from a district court judgment adopting the Magistrate's report and recommendation to dismiss his civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous.
 
 
 3
 Seeking injunctive and monetary relief, and suing the Warden of his place of incarceration, plaintiff charged that he was wrongfully placed in administrative detention for allegedly assaulting an inmate. Plaintiff was initially placed in detention after a pair of gloves was found under his mattress which matched the description of the gloves worn by the assailant. At hearings held on the assault charge, plaintiff argued that he was not in the room where the assault occurred, and that, in fact, he was in a room separated from the victim by a locked door. The victim of the assault, however, identified the plaintiff as one of his assailants. Despite this identification, plaintiff argued that there is no direct evidence of his guilt and that there is, therefore, insufficient evidence to support his disciplinary conviction.
 
 
 4
 Upon review of the cause, this Court concludes that the district court properly dismissed plaintiff's complaint for the reasons given by it. An analysis of the sufficiency of the evidence does not require an examination of the entire record, an independent assessment of the credibility of the witnesses, nor a weighing of the evidence. Superintendent v. Hill, 105 S.Ct. 2768, 2774 (1975). Sufficient evidence will support a disciplinary conviction if "some evidence" exists in the record from whence the conclusion of the hearing officer may be deduced; and the evidence need not logically preclude any conclusion but the one reached by the disciplinary board. Superintendent v. Hill, 105 S.Ct. at 2775.
 
 
 5
 Under this analysis, it is clear that there is at least some evidence in the record to support the disciplinary board's decision. The federal courts need not make a further inquiry to rebut all other conclusions. Due process requirements were, therefore, satisfied in this case.
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion for the appointment of counsel is, accordingly, denied; see Cookish v. Cunningham, 787 F.2d 1 (1st Cir. 1986); Feist v. Jefferson County Commissioners Court, 778 F.2d 250 (5th Cir. 1985); and, the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation