42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary PILON, Plaintiff-Appellant,
v.
Taylor BRASLOW; Gary L. Banning; Ruben Cedeno; Chase
Riveland; et al., Defendants-Appellees.
 No. 94-35452.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 25, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Gary V. Pilon appeals pro se the district court's summary judgment for defendants in this 42 U.S.C. Sec. 1983 action alleging denial of access to the courts. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * To accommodate prisoners' constitutional right of court access, prison officials must provide adequate law libraries or competent legal assistance. Bounds v. Smith, 430 U.S. 817, 828 (1977); Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989). Upon review of the record, we hold there is no genuine dispute that Washington state has continually provided competent legal counsel to Pilon. Pilon argued below that counsel was deficient because he refused to challenge certain sentencing calculations. After reviewing the calculations extensively, the magistrate judge found no error and concluded that Pilon "has in no way demonstrated that [counsel] provided inadequate legal assistance in declining to pursue the Plaintiff's sentencing issues." On appeal, Pilon does not contest the analysis of his sentence and we have no reason to question it. Because the state has continually provided Pilon with access to competent legal counsel, his claim concerning access to the courts must fail. See Bounds, 430 U.S. at 829-32 (professional or quasi-professional legal assistance provides meaningful access to courts).
 
 
 4
 As long as Pilon has access to competent legal counsel, his claims concerning access to an adequate law library are irrelevant; the federal Constitution does not require states to provide both. See Bounds, 430 U.S. at 829-32; cf. Toussaint v. McCarthy, 801 F.2d 1080, 1110 (9th Cir.1986) (state must provide legal assistance when it denies reasonable access to law library), cert. denied, 481 U.S. 1069 (1987). Contrary to Pilon's assertion, defendants' effort to improve his access to legal materials does not entitle him to summary judgment against the state defendants.
 
 
 5
 Although Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988), requires district courts to advise pro se prisoners of summary judgment procedure, any error in this regard was harmless. The magistrate judge set forth the requirements of Rule 56 in his report and recommendation, to which Pilon had almost two months to object and produce evidence. See 28 U.S.C. Sec. 636(b)(1) (district judge may receive additional evidence in reviewing magistrate judge's report and recommendation). Indeed, Pilon set forth evidence in his objections, in addition to the evidence he provided in his original opposition. Pilon had more than a year in which to conduct discovery, yet he fails to identify any additional evidence he would have produced if he had received notice of Rule 56 requirements. Unlike in Klingele, no motion for relevant discovery was pending at the time the district court granted summary judgment to the state defendants. Compare 849 F.2d at 411, 412. Thus, it clearly would have made no difference if the district court had fully complied with Klingele.
 
 
 6
 Summary judgment also was appropriate as to defendant Symone Scales, a private attorney employed by the State of Washington to provide legal services to inmates. As the magistrate judge concluded, Scales essentially occupied the position of a public defender and therefore was not subject to suit under section 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir.1985), cert. denied, 475 U.S. 1128 (1986). We need not consider Pilon's conspiracy allegations because there is no genuine dispute that he received meaningful access to the courts.
 
 
 7
 Because Pilon's claim against Scales fails as a matter of law, the district court's failure to notify Pilon of the need to present evidence in opposing Scales's summary judgment motion was harmless error. Cf. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987) (district court need not identify deficiencies of pro se complaint where deficiencies clearly could not be cured by amendment). Finally, Pilon's contention that the court failed to review de novo the magistrate judge's recommendations is baseless. Cf. United States v. Cervantes-Valenzuela, 931 F.2d 27, 29 (9th Cir.1991) (district courts are presumed to follow the law).
 
 II
 
 8
 Under Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Pilon contends the district court abused its discretion by awarding defendants their costs because he in fact was the "prevailing party" and because his claims were not frivolous. Cf. Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 176 (9th Cir.1990) (order taxing costs reviewed for abuse of discretion), cert. denied, 112 S.Ct. 61 (1991).
 
 
 9
 Pilon's first argument fails even under an expansive interpretation of "prevailing party." Although defendants may have provided Pilon with microfilmed law books, this did not alter the opposing parties' legal relationship because at all times Pilon has had meaningful access to the courts in the form of adequate legal assistance. See d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir.1977) (matters extraneous to dispute do not affect "prevailing party" status under Rule 54(d)); cf. LeMaire v. Maass, 12 F.3d 1444, 1461 (9th Cir.1993) (party must alter legal relationship with opponent to "prevail" under 42 U.S.C. Sec. 1988).
 
 
 10
 We also reject Pilon's argument that costs cannot be taxed against a plaintiff who brings a nonfrivolous action. On the contrary, Rule 54(d)(1) awards costs to the prevailing party as a matter of course. See National Org. for Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir.1982) (rejecting dissent's argument that costs should not be assessed when a Title VII plaintiff pursues an unsuccessful but reasonable claim).
 
 III
 
 11
 Finally, Pilon contends the district court should have entered default judgment against defendant Taylor Braslow, another private attorney. We reject this argument because Braslow was never served with process, even after the magistrate judge suggested that Pilon obtain Braslow's current address from the Washington state bar. See Feist v. Jefferson County Comm'rs Court, 778 F.2d 250, 252 (5th Cir.1985) (district court was correct not to enter default judgment where defendants were not properly served). There is no basis for Pilon's allegations either that Braslow refused service or that service upon the Scales law firm sufficed to serve Braslow.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3