IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20325
Conference Calendar

_____

LUIS SANTOS LAGAITE, JR.,

                                        Plaintiff-Appellant,

versus

DALE MYERS; JENIFFER HUDGGINS;
SAM PRESTWOOD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2710
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Luis S. Lagaite, Jr., Texas prisoner # 762508, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights suit following entry of summary judgment for defendant Myers. Lagaite argues that the court erred in dismissing his claim that the defendant denied him access to the courts by interfering with his legal mail. Lagaite also argues that the court should have appointed counsel to represent him, erred in denying discovery to him, and erred in denying his motion for default judgment.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lagaite's right of access to the courts is limited to his right to challenge his conviction or the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355 (1996). The legal mail at issue in this case is unrelated to these rights. Thus, the district court did not err in granting summary judgment to defendant and dismissing Lagaite's complaint.

Lagaite did not request that the district court appoint counsel for him, nor did Lagaite move the district court to continue Myers's summary-judgment motion pending discovery, and thus Lagaite did not preserve these issues for appeal. See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997). The district court did not abuse its discretion in denying Lagaite's motions to subpoena witnesses for deposition because Lagaite did not support the need for such depositions. See Feist v. Jefferson County Comm'r Court, 778 F.2d 250, 252 (5th Cir. 1985). The district court did not abuse its discretion in denying Lagaite's motion for default judgment because defendant Myers had filed an answer to the complaint. See Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977).

Lagaite's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because his appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). Lagaite already had at least two "strikes" in Lagaite v. Hale, No. H-97-2377 (S.D. Tex. November 25, 1997) and Lagaite v. Hale, No. 97-21034 (5th Cir.

October 22, 1998).  Lagaite has now accumulated at least three "strikes" under § 1915(g).  He may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.