IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11133
Summary Calendar
_____


DARRIS D. TEEL,

                                        Plaintiff-Appellant,

versus

ERNEST VALENCIA, Correctional Officer III;
AUDRA ALSABROOK, Correctional Officer III;
KEVIN BURKMON, Correctional Officer III;
JAMES HOLLOWAY, Lieutenant; RONALD DIGBY,
Sergeant; CHARLES C. KEETON; NFN BURNS, JR.,
WARDEN; MICHAEL CHUMLEY; CHRISTOPHER BURNS;
J. WILLIAMS, Correctional Officer III;
DANIEL E. MOORE; MARSHALL P. PHILLIPS;
R. GARLETT, Correctional Officer III; S. BOND,
Correctional Officer III; NFN UNKNOWN,
Defendants 15-18, Correctional Officer III's;
M. NOBLE, Physician's Assistant; B. VEGA, Nurse;
NFN EDWARDS, Nurse; NFN UNKNOWN, Nurse's Aid;
NFN WILKINS, Physical Therapist; NFN UNKNOWN,
Regional Grievance Coordinator, Texas Department
of Criminal Justice, Institutional Division,


                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:98-CV-116-C
--------------------
February 2, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:*

---------------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Darris D. Teel, Texas state prisoner #656908, appeals the dismissal of certain defendants and the jury verdict for the remaining defendants in his civil rights suit filed pursuant to 42 U.S.C. § 1983.  Teel's argument that the defendants were not entitled to qualified immunity on his claim that they used excessive use of force is moot because the magistrate judge denied them qualified immunity.  Nor has Teel shown that the evidence was insufficient to support the jury's verdict.  See United States ex rel. Wallace v. Flintco, Inc., 143 F.3d 955, 960 (5th Cir. 1998).

Teel argues that the magistrate judge erred when she dismissed his claim that he was denied access to the courts. Teel's claim fails because he has not demonstrated an actual injury as a litigant.  Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Teel's argument that the second magistrate judge should not have denied his motion to amend his complaint lacks a factual basis because, contrary to Teel's assertion, the first magistrate judge never granted his motion, and Teel offer no other reason that this court should find an abuse of discretion.  See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

Teel's argument that the magistrate judge erred when she denied his motion for a default judgment against the defendants for their failure to respond to the magistrate judge's order that they answer Teel's motion to amend his complaint fails because the magistrate judge had already denied his motion to amend when he filed his motion for a default judgment.

Teel argues that the magistrate judge erred when she denied certain discovery requests.  Because Teel does not state how the discovery would have changed the outcome of his case, he fails to show that the magistrate judge abused her discretion in denying his motion.  See Feist v. Jefferson County Comm'rs Court, 778 F.2d 250, 252 (5th Cir. 1985).

Teel argues that the magistrate judge abused her discretion when she denied his motion for the appointment of counsel.  Teel fails to show exceptional circumstances or an inability to present his case so as to warrant the appointment of counsel.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Teel argues that he is entitled to a reversal because he did not know prior to the start of trial that he did not have all the documentary evidence that he needed to present his case.  Teel fails to identify the evidence that he was lacking or the witnesses that he needed at trial to show that the magistrate judge abused her discretion.  Gibbs v. King, 779 F.2d 1040, 1047 (5th Cir. 1986).

Last, Teel argues that the magistrate judge's instructions to the jury were improper because she did not explain adequately the criteria to satisfy standing, as set forth in Article III of the United States Constitution.  This argument is factually frivolous because Teel's standing to bring the instant suit was never at issue.

AFFIRMED.