United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40050
Summary Calendar

_____

GERALD DUANE THOMAS,

Plaintiff-Appellant,

versus

ROBERT JENNINGS, Captain, Management
Training Corp., Diboll Unit,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-220
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges

PER CURIAM:*

Gerald Duane Thomas, Texas prisoner #793698, appeals the

district court's dismissal with prejudice of his civil rights

complaint as frivolous under 28 U.S.C. § 1915.  Thomas argues

that the district court erred in denying the discovery motions he

filed before the hearing held pursuant to Spears v. McCotter, 766

F.2d 179 (5th Cir. 1985).  The denial of these motions was not an

abuse of discretion.  See McGuire v. Sigma Coatings, Inc., 48

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 902, 906 (5th Cir. 1995); Mayo v. Tri-Bell Indus., Inc., 787 F.2d 1007, 1012 (5th Cir. 1986); Feist v. Jefferson County Comm'rs Court, 778 F.2d 250, 252-53 (5th Cir. 1985). Thomas' argument that the district court erred in denying the motions he filed after the entry of the final judgment, namely a motion for a judgment on the pleadings, a motion for summary judgment, and a motion for discovery, is also without merit. See Winchester v. United States Atty. for Southern Dist. of Tex., 68 F.3d 947, 948-49 (5th Cir. 1995). We also reject Thomas' argument that the district court erroneously considered the testimony of Gary West before the Spears hearing. We find no evidence in the record that the district court considered testimony from this person.

We review a 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of an *in forma pauperis* (IFP) complaint as frivolous for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Thomas does not challenge the district court's summary of the evidence presented at the Spears hearing. Based upon this evidence, the district court concluded that Captain Jennings did not know Thomas faced a substantial risk of serious harm from his cell mate. The district court's dismissal of Thomas's civil rights complaint was not an abuse of discretion.

Thomas's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR.

R. 42.2.  The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  We caution Thomas that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS; WARNING ISSUED.